1
2
3
4
5
6
7

8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   T.-A Darling,                          No.  2:18-cv-1675 TLN DB PS

12                  Plaintiff,

13        v.                                ORDER

14   SACRAMENTO COUNTY and DOES 1
     through 500, inclusive,
15
                    Defendants.
16

17

18        Plaintiff, T.A. Darling, is proceeding in this action pro se.  This matter was referred to the

19   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the court are plaintiff's complaint, motion to proceed in forma pauperis pursuant to 28

21   U.S.C. § 1915, motions to seal, motion for order directing the Sacramento County Sheriff to

22   release a person, and an amended motion to proceed in forma pauperis.  (ECF Nos. 1-6.)  The

23   complaint alleges that plaintiff brings a claim for violation of the False Claims Act "on behalf of

24   the United States and the Qui Tam States . . . to recover damages . . .  against Defendants for

25   causing the submission of false or fraudulent claims[.]"  (Compl. (ECF No. 1) at 2.[1])

26   ////

27   _____

28   [1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

1    The court is required to screen complaints brought by parties proceeding in forma

2   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

3   2000) (en banc).  Here, plaintiff's application to proceed in forma pauperis is deficient.

4   Moreover, as explained below, plaintiff cannot proceed pro se in this action.

5   **I.      Plaintiff's Application to Proceed In Forma Pauperis**

6    Plaintiff's amended in forma pauperis application simply explains that plaintiff "has

7   previously been granted leave to proceed in forma pauperis" in "State of California Superior

8   Court."  (ECF No. 6 at 2.)  In this regard, the application fails to make the financial showing

9   required by 28 U.S.C. § 1915(a)(1).  Additionally, a determination that a plaintiff qualifies

10  financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A

11  district court may deny leave to proceed in forma pauperis at the outset if it appears from the face

12  of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of

13  Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d

14  1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed.

15  Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's

16  request to proceed IFP because it appears from the face of the amended complaint that McGee's

17  action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is

18  the duty of the District Court to examine any application for leave to proceed in forma pauperis to

19  determine whether the proposed proceeding has merit and if it appears that the proceeding is

20  without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

21   The court must dismiss an in forma pauperis case at any time if the allegation of poverty is

22  found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a

23  claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See

24  28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or

25  in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

26  1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous

27  where it is based on an indisputably meritless legal theory or where the factual contentions are

28  clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Complaint

Plaintiff's complaint asserts that it is a qui tam action, brought on behalf of the United States, pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.*, to recover damages as a result of defendant County of Sacramento's "submission of false or fraudulent claims; for making, using, or causing to be made or used false records or statements material to false or fraudulent claims," and for making false recording "material to obligations to pay or transmit money to the Government[.]" (Compl. (ECF No. 1) at 2.) According to the complaint, the defendant uses "false documents misrepresented as a complaint; an arrest warrant; [and] statement of probable cause" to wrongfully accuse "litigant-defendants" to pay judgments, or "seek counsel" from the Sacramento County Public Defender "who violate laws assume the authority of a person designated to prescribe and/or treat mental disorders at a financial cost." (Id. at 3.) Defendant also "paid kickbacks to induce [a] healthcare professional . . . to impersonate a physician[.]" (Id. at 6.)

1    "A person may bring a civil action for a violation of § 3729 for the person and for the

2    United States Government."  31 U.S.C. § 3730.  Plaintiff, however, is not proceeding through

3    counsel but instead pro se.  And a plaintiff may not proceed "pro se on behalf of the government."

4    Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007); see also

5    Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("District court did not err in dismissing

6    Timson's complaint because Timson could not maintain a qui tam suit under the FCA as a pro se

7    relator.").

8         Plaintiff, however, will be given an opportunity to obtain counsel.

9    **III.    Motions to Seal & Directing Release**

10        Local Rule 141(b) requires, in relevant part, that a "'Request to Seal Documents' shall set

11   forth the statutory or other authority for sealing, the requested duration, the identity, by name or

12   category, of persons permitted access to the documents, and all other relevant information."  In

13   evaluating requests to seal, the court starts "'with a strong presumption in favor of access to court

14   records.'"  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016)

15   (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The

16   presumption of access is 'based on the need for federal courts, although independent – indeed,

17   particularly because they are independent – to have a measure of accountability and for the public

18   to have confidence in the administration of justice.'"  Id.  (quoting United States v. Amodeo, 71

19   F.3d 1044, 1048 (2d Cir. 1995)).  A request to seal material must normally meet the high

20   threshold of showing that "compelling reasons" support secrecy.  Id.  (citing Kamakana v. City

21   and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)).  However, where the material is,

22   at most, "tangentially related to the merits of a case," the request to seal may be granted on a

23   showing of "good cause."  Id. at 1097-1101.

24        Here, plaintiff's motions to seal fail to address the appropriate standard for sealing or why

25   that standard has been satisfied.  Moreover, the motions are primarily concerned with plaintiff's

26   request for a "writ to compel termination of prosecution of [plaintiff] on misdemeanor charges."

27   (ECF No. 3 at 1.)  The court has no authority to grant such a request in this civil action.  See

28   generally Younger v. Harris, 401 U.S. 37, 41 (1971) (acknowledging "national policy forbidding

4

1  federal courts to stay or enjoin pending state court proceedings except under special

2  circumstances").  Plaintiff's motion "for an order directing the Sheriff of Sacramento County to

3  release [a] person" will be denied for this same reason.  (ECF No. 5 at 1.)

**CONCLUSION**

5         Accordingly, IT IS HEREBY ORDERED that:

6         1.  The June 8, 2018 motion to proceed in forma papueris (ECF No. 2), and the September

7  6, 2018 amended motion to proceed in forma pauperis (ECF No. 6) are denied without prejudice

8  to renewal;

9         2.  The July 26, 2018 motion to seal (ECF No. 3), and July 30, 2018 motion to seal (ECF

10  No. 4) are denied without prejudice to renewal;

11         3.  The July 30, 2018 motion for an order directing release (ECF No. 5) is denied;

12         4.  Within twenty-eight days from the date of this order, plaintiff shall submit a completed

13  in forma pauperis application that supplies the necessary information[2];

14         5.  Within twenty-eight days of the date of this order, plaintiff shall arrange for counsel to

15  substitute in to this action on plaintiff's behalf; and

16         6.  Plaintiff is cautioned that the failure to comply with this order in a timely manner may

17  result in a recommendation that this action be dismissed.

18  Dated:  March 29, 2019

20  _____

21  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

23  DLB:6
    DB/orders/orders.pro se/darling1675.counsel.ord

_____

[2]  Such forms can be obtained from the court's website.  See
http://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/representing-yourself-pro-se-litigant/

5