UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| T.-A Darling,<br><br>            Plaintiff,<br><br>     v.<br><br>SACRAMENTO COUNTY and DOES 1 through 500, inclusive,<br><br>            Defendants. | No. 2:18-cv-1675 TLN DB PS<br><br>FINDINGS AND RECOMMENDATIONS |
|---|---|

    Plaintiff, T.A. Darling, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff's complaint alleges that plaintiff brings this action for violation of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, "on behalf of the United States and the Qui Tam States . . . to recover damages . . . against Defendants for causing the submission of false or fraudulent claims[.]"  (Compl. (ECF No. 1) at 2.[1])

////

////

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

On April 1, 2019, the undersigned issued an order advising plaintiff that plaintiff's informa pauperis application was incomplete and that plaintiff could not proceed in this qui tam action pro se. (ECF No. 13.) Plaintiff was granted twenty-eight days to remedy both issues. (Id. at 5.) The twenty-eight-day period has passed, and plaintiff has not corrected either issue.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Plaintiff, however, did respond to the April 1, 2019 order. On April 18, 2019, plaintiff filed a document styled "NOTICE THAT ALL ORDERED IN THE UNITED STATES OF AMERICA *ex rel.*, CASE ARE VOID BASED UPON MAGISTRATE JUDGE DEBORAH BARNES ADMISSION OF 'FRAUD ON THE COURT' AND 'OBSTRUCTION OF JUSTICE[.]'" (ECF No. 15 at 1.) This filing does not remedy the failure to file a completed in forma pauperis application or the failure to obtain counsel.

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). In addition, a $50.00 general administrative fee for civil cases must be paid. 28 U.S.C. § 1914(b). The court may authorize the commencement of an action "without prepayment of fees . . . by a person who submits an affidavit" showing that plaintiff is unable to pay such fees. 28 U.S.C. § 1915(a). Here, plaintiff has failed to submit a complete affidavit showing that plaintiff is unable to pay the filing fee.

Moreover, it is true that "[a] person may bring a civil action for a violation of § 3729 for the person and for the United States Government." 31 U.S.C. § 3730. However, "because . . . a relator brings a qui tam suit on behalf of the government" a plaintiff may not proceed pro se in a qui tam action. Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("District court did not

err in dismissing Timson's complaint because Timson could not maintain a qui tam suit under the FCA as a pro se relator.").

For the reasons stated above, the undersigned will recommend that plaintiff's complaint be dismissed without prejudice.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be unsealed;

2. Plaintiff's June 8, 2018 complaint be dismissed without prejudice; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 5, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/darling1675.counsel.f&rs